IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROLAND B. BINUM,

        Plaintiff,

    v.

LAURIE WARNER in her official
capacity as Director of the
EMPLOYMENT DEPARTMENT of the
STATE OF OREGON,

        Defendant.
_____

Civil No. 06-935-AA

OPINION AND ORDER

AIKEN, Judge:

    Plaintiff brought suit alleging race discrimination under 42 U.S.C. § 1981 and age discrimination, presumably under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*. Plaintiff seeks compensatory damages and attorney fees. Defendant moves to dismiss plaintiff's claims on grounds that plaintiff

1   - OPINION AND ORDER

cannot bring a claim of employment discrimination against defendant individually and that plaintiff's claims are barred by Eleventh Amendment sovereign immunity.[1]  Defendant's motion is granted.

## DISCUSSION

A.  <u>Plaintiff's § 1981 Claim</u>

Section 1981 permits a cause of action against individual state actors if the individual was personally involved in the discrimination and intentionally caused the infringement of rights protected by § 1981.  <u>Hafer v. Melo</u>, 502 U.S. 21, 31 (1991) (Eleventh Amendment does not bar suit against state officials in their individual capacities); <u>cf.</u> <u>Bell v. Clackamas County</u>, 341 F.3d 858, 866-67 & n.3 (9th Cir. 2003); <u>El-Hakem v. BJY Inc.</u>, 262 F. Supp.2d 1139, 1147 (D. Or. 2003).  However, plaintiff does not bring suit against defendant in her individual capacity; rather, plaintiff brings suit against defendant in her official capacity. Furthermore, in response to defendant's motion, plaintiff does not allege liability in an individual capacity or allege facts to support such a claim.  As such, plaintiff's claims against defendant in her official capacity are brought against the State. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).

Generally, actions for damages brought against the State or

---

[1]Plaintiff's Complaint also references disability discrimination, but in response to defendant's motion to dismiss, plaintiff concedes that he cannot maintain a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* or any claim under state law.

its instrumentalities are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 & n. 17 (1985) (sovereign immunity under Eleventh Amendment protects state officials from suit in official capacity); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). In fact, numerous courts have held that actions against the state pursuant to § 1981 are barred by Eleventh Amendment sovereign immunity. See, e.g., Freeman v. Michigan Dept. of State, 808 F.2d 1174, 1179 ("Thus, the Eleventh Amendment bars a § 1981 action against a state."); Demuren v. Old Dominion Univ., 33 F. Supp. 2d 469, 474-75 & n.5 (E.D. Va. 1999) ("With respect to suits under 42 U.S.C. § 1981, this court concurs with the view held by a number of other federal courts that Eleventh Amendment immunity also is not abrogated.") (citing cases).

  Nevertheless, plaintiff relies on the Ninth Circuit's holding in Federation of African American Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996) to support his § 1981 claim. There, the court discussed whether amendments to § 1981 contained in the Civil Rights Act of 1991 overruled Jett v. Dallas Independent School Dist., 491 U.S. 701 (1989). Id. at 1205. In Jett, the Supreme Court addressed whether a private cause of action under § 1981 could be brought against local governmental entities under a theory of *respondeat superior.* The Court answered in the negative, holding that 42 U.S.C. § 1983 provided the sole cause of action

3 - OPINION AND ORDER

against "state actors" to enforce rights protected by § 1981. <u>Jett</u>, 491 U.S. at 735-36.

In <u>Federation</u>, the Ninth Circuit found that the Civil Rights Act of 1991 amended § 1981 to provide a direct cause of action against municipalities. Specifically, the court held "that the amended 42 U.S.C. § 1981 contains an implied cause of action against state actors, thereby overturning *Jett*'s holding that 42 U.S.C. § 1983 provides the exclusive federal remedy against state actors for the violation of rights under 42 U.S.C. § 1981." <u>Federation</u>, 96 F.3d at 1214.

However, I agree with Judge Brown that the Ninth Circuit "did not have before it the issue whether a § 1981 action could be brought against a state nor did the court indicate its ruling allowed actions to be brought against a state under § 1981." <u>Pittman v. Oregon</u>, 2005 WL 1899379 *4 (D. Or. Aug. 8, 2005). Similarly, this issue was not before the Supreme Court in <u>Jett</u>, as both <u>Jett</u> and <u>Federation</u> involved actions against local governmental entities rather than the State. Thus, I question whether the holding in <u>Federation</u> applies to cases in which a plaintiff seeks to bring an action against the State under § 1981. Indeed, plaintiff provides no authority to support his argument that the Civil Rights Act of 1991 reflects congressional intent to abrogate Eleventh Amendment sovereign immunity with respect to a cause of action under § 1981. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332,

4    - OPINION AND ORDER

345 (1979) ("By contrast, § 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States.").

Regardless, even if the holding in Federation applies here and plaintiff may allege a cause of action under § 1981 against the State, plaintiff's complaint fails to allege or suggest that his rights were violated as a result of a state "policy or custom" to sustain a cause of action under § 1981.  See Federation, 96 F.3d at 1215-16 ("In our view, the language of § 1981(c), considered in the context of the long history of federal case law precluding respondeat superior liability for state actors, is conclusive evidence that the amendment to 42 U.S.C. § 1981 preserves the "policy or custom" requirement in suits against state actors."). Therefore, plaintiff fails to state a claim under § 1981.

B.  Plaintiff's ADEA Claim

With respect to plaintiff's ADEA claim, it is well-settled that plaintiff's ADEA claim is barred by Eleventh Amendment sovereign immunity.  See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000) (holding that the ADEA did not validly abrogate States's sovereign immunity).

///

5    - OPINION AND ORDER

CONCLUSION

Defendant's Motion to Dismiss (doc. 3) is GRANTED. Plaintiff's claims are HEREBY DISMISSED.

IT IS SO ORDERED.

Dated this  4  day of January, 2007.


               /s/ Ann Aiken
                Ann Aiken
          United States District Judge

6    - OPINION AND ORDER